FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| GABE WATKINS, on Behalf of Himself and All Other Persons Similarly Situated,<br><br>                 *Plaintiff-Appellee*,<br><br>          v.<br><br>VITAL PHARMACEUTICALS, INC.,<br>           *Defendant-Appellant*. | No. 13-55755<br><br>D.C. No.<br>2:12-cv-09374-<br>SJO-JC<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted June 3, 2013[*]
Pasadena, California

Filed July 2, 2013

Before: Sidney R. Thomas, Barry G. Silverman,
and Raymond C. Fisher, Circuit Judges.

Per Curiam Opinion;
Partial Concurrence and Partial Dissent by Judge Fisher

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Class Action Fairness Act

Determining that it had jurisdiction to consider the district court's sua sponte order remanding this case to state court, the panel reversed the district court's order and remanded to the district court with instructions to exercise jurisdiction over this case because the undisputed declaration submitted by defendant sufficiently established that the amount in controversy was at least $5 million, as required by the Class Action Fairness Act.

Concurring in part and dissenting in part, Judge Fisher stated that because it was not clear that the district court considered the declaration submitted by the defendant, and because it was not clear that the declaration was sufficient as a matter of law to establish the amount in controversy by a preponderance of the evidence, he would vacate the district court's order and remand to the district court to determine in the first instance, in light of the declaration, whether defendant met its burden of proving that the amount in controversy exceeded $5 million.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Anthony G. Brazil, Richard H. Nakamura, Jr., and David J. Vendler, Morris Polich & Purdy LLP, Los Angeles, California, for Defendant-Appellant.

Lionel Z. Glancy, Marc L. Godino, and Casey E. Sadler, Glancy Binkow & Goldberg LLP, Los Angeles, California, for Plaintiff-Appellee.

**OPINION**

PER CURIAM:

Defendant-Appellant Vital Pharmaceuticals, Inc. appeals the district court's sua sponte order remanding this putative class action to state court for failure to establish the Class Action Fairness Act's (CAFA) requirement that at least $5 million is in controversy. We hold that we have appellate jurisdiction under 28 U.S.C. § 1453(c)(1) to consider the district court's sua sponte remand order, reverse the order remanding this case to state court, and remand to the district court with instructions to exercise jurisdiction over the case.

**I.**

Plaintiff Gabe Watkins filed this class action in the California Superior Court, County of Los Angeles, alleging that defendant Vital Pharmaceuticals, Inc. distributed ZERO IMPACT protein bars that were erroneously marketed and labeled as having little to no impact on blood sugar. Watkins asserts claims under California law on behalf of a nationwide class of "thousands of consumers throughout the United

States." The complaint states that "the aggregate damages sustained by the Class are likely in the millions of dollars" and seeks damages, restitution, disgorgement and attorney's fees and costs.

Vital timely removed this action to federal court under CAFA, 28 U.S.C. § 1332(d)(2). As evidentiary support for its assertion that CAFA's $5 million amount in controversy requirement is met, Vital filed two declarations. First, Vital submitted a declaration by trial counsel David J. Vendler that states:

> Plaintiff's Complaint alleges that the likely aggregate damages are in the "millions." (Complaint ¶ 15.) Plaintiff seeks restitution, disgorgement of profits, and attorneys' fees, based upon sales of the ZERO IMPACT® Protein Bars to "thousands" of consumers throughout the United States. Plaintiff also seeks attorneys' fees in addition to damages. There is thus a legal certainty that the amount in controversy in this matter consists of an aggregate in excess of $5 million.

Second, Vital submitted a declaration by Richard Cimino that states: "Nation-wide sales of the ZERO IMPACT® bars for the last four years exceed $5,000,000.

The district court sua sponte remanded the action to the state superior court. In its remand order, the district court concluded that Vital did not meet its burden of proving by a preponderance of the evidence that CAFA's amount in controversy requirement was met because Vital merely

"aver[red in its Notice of Removal] that total sales of the Subject Bars in the last four years exceeded $5 million," and because Vendler's affidavit vaguely and conclusorily alleged that the amount in controversy is met.  Although the district court's order expressly referred to the Vendler declaration, it made no mention of the Cimino declaration.

## II.

As a threshold matter, we first address whether CAFA permits an appeal from a district court's sua sponte remand order.  District court remand orders generally are not reviewable on appeal.  *See* 28 U.S.C. § 1447(d).  CAFA creates an exception to this general rule, and provides that "notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order." 28 U.S.C. § 1453(c)(1).  Although we have previously exercised jurisdiction over sua sponte orders remanding cases that were removed under CAFA, *see, e.g.*, *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006), we have never expressly addressed the jurisdictional question of whether § 1453(c)(1) applies not just to district court remand orders that are granted or denied in response to a "motion to remand," but also to remand orders issued sua sponte.

We do not read § 1453(c)(1)'s authorization of an appeal as limited only to district court orders made in response to a party's "motion."[1]  Sua sponte orders are, literally, orders

---

[1] We have jurisdiction to determine our own jurisdiction.  *See United States v. Ruiz*, 536 U.S. 622, 628 (2002).

issued when the court acts "on its own motion." *See Black's Law Dictionary* 1560 (9th ed. 2009). Moreover, it is well established that district courts may address questions of subject matter jurisdiction sua sponte. *See Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1133 (9th Cir. 2010). If CAFA permitted review of remand orders issued only in response to a party's motion to remand, district court orders remanding class actions sua sponte would be insulated from appellate review. Such a result would be inconsistent with CAFA's clearly expressed intention that class actions are exempt from the general jurisdictional rule that district court remand orders are not reviewable on appeal.

## III.

On the merits, Vital argues that the Cimino declaration was sufficient to establish that CAFA's amount in controversy requirement is met. We review de novo the construction and applicability of CAFA. *See United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010)). As with all diversity cases – of which CAFA cases are a species, *see* 28 U.S.C. § 1332(d) – we review for clear error any factual determinations necessary to establish jurisdiction. *See Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d 556, 557 (9th Cir. 1987). Therefore, we review de novo the district court's ultimate legal conclusion that the underlying factual allegations are insufficient to establish CAFA jurisdiction, and we review for clear error the district court's determination that Vital did not meet its burden of proving by a preponderance of the evidence that the amount in controversy here exceeds $5 million.

We agree with Vital that the undisputed Cimino declaration was sufficient to establish that CAFA's $5 million

amount in controversy requirement is met in this case.[2]  In its order remanding the action, the district court noted that "Defendant [had] aver[red] that total sales of the Subject Bars in the last four years exceeded $5 million."  The court cited to the specific paragraph in the Notice of Removal that discussed the Cimino declaration's statement that total sales exceeded $5 million.  Accordingly, we reverse the order remanding this case to state court and remand to the district court with instructions to exercise jurisdiction over the case.

**REVERSED AND REMANDED.[3]**

---

FISHER, Circuit Judge, concurring in part and dissenting in part:

I join in the per curiam opinion with the exception of the last paragraph, which reverses and remands to the district court to exercise jurisdiction over this case.  Because it is not clear that the district court considered the Cimino declaration, and because I do not believe that the declaration is sufficient as a matter of law to establish that Vital met its burden of proving the amount in controversy by a preponderance of the evidence, I would vacate the district court's order and remand to the district court to determine in the first instance, in light

---

[2] Not only was the Cimino declaration undisputed in the district court, but in this court Watkins filed a document stating that he takes no position on the appeal and declines to file a brief.

[3] There being no objection, Vital's Request for Judicial Notice is **GRANTED**.

of the Cimino declaration, whether Vital met its burden of proving that the amount in controversy exceeds $5 million.

Vital asserted in its Notice of Removal that CAFA's $5 million amount-in-controversy threshold is met. Aside from attempting to derive support from the allegations in plaintiff's complaint, the Notice alleged that "VITAL had total sales of ZERO IMPACT® Protein Bars in the last four years in excess of $5 Million," citing a declaration by Vital's controller, Richard Cimino. The district court's remand order, which was quite thorough, expressly referred to Vital's amount-in-controversy allegation in its Notice of Removal as a mere "aver[ment]" that was insufficient to establish that it is "more likely than not" that more than $5 million is in controversy. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (establishing "preponderance of the evidence" as the removing defendant's burden of proving the amount in controversy in cases where a plaintiff's state court complaint does not specify a particular amount of damages). The district court faulted Vital for not submitting "any documentation to support its claim that its sales exceeded $5 million," noting that a declaration by Vital's counsel, David Vendler, "only vaguely alleges that the amount in controversy is met." The court did not refer at all to Cimino's declaration, or explain why the controller's sworn statement was insufficient.

I have serious doubts that the court actually saw and evaluated Cimino's "documentary" evidence as support for the Notice's allegation, and whether it would have found the

evidence insufficient had it done so.[1]  The district court is the appropriate jurisdictional factfinder, and we should not usurp that role, particularly on such an ambiguous record.  We should vacate the district court's order remanding this case to state court, and remand with instructions that the district court reconsider its finding in light of the Cimino declaration, or explain why it found the controller's statement insufficient if that was the case.

My deference to the district court is not formalistic. Unlike my colleagues, I do not think Vital's cursory showing was sufficient as a matter of law.  The Cimino declaration is plainly conclusory and devoid of business record documentation or other foundation.  But he is the controller, and purports to have personal knowledge of the facts.  Had the district court clearly confronted the shortcomings of Cimino's "evidence," I would have no trouble concluding that the court did not clearly err in rejecting it, and would affirm the district court's remand to the state court.  Absent that record, we should remand to the district court for further consideration.  I cannot endorse Vital's paltry showing as the new standard for meeting CAFA's heretofore more demanding requirements.  *Cf. Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009) (noting that the "well-established presumption against federal removal jurisdiction" is applicable in the CAFA context); *Matheson v. Progressive Specialty Ins.Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (order) ("Conclusory allegations as to the amount in

---

[1] In addition to the district court's failure to mention the Cimino declaration much less discuss whatever deficiencies it found therein, the district court's reference to counsel's declaration as "Defendant's affidavit" (singular) suggests that Vendler's declaration was the only declaration it reviewed.

controversy are insufficient."). To this extent, I respectfully dissent.